```
                         UNITED STATES DISTRICT COURT
                         SOUTHERN DISTRICT OF FLORIDA

                         CASE NO. 08-20519-Civ-LENARD
                                 (05-20210-Cr-LENARD/KLEIN)
                         MAGISTRATE JUDGE P.A. WHITE
JASPER MOORE,            :

     Movant,             :
                                      REPORT RE
v.                       :        DISMISSAL OF §2255
                                MOTION AS TIME-BARRED
UNITED STATES OF AMERICA,:

     Respondent.         :
_____
```

This motion to vacate pursuant to 28 U.S.C. §2255 was filed by the movant on June 4, 2007.[1] The judgment of conviction in the underlying criminal case became final at the latest on May 22, 2006, when certiorari review was denied by the Supreme Court.[2] See United States v. King, et al., 66 Fed. Appx. 844 (11th Cir. 2003)(table), cert.den'd, 540 U.S. 902(2003).

At the latest, the movant was required to file this motion to vacate within one year from the time the judgement became final, or no later than May 22, 2007. See Griffith v. Kentucky, 479 U.S. 314,

---

[1] A pro se prisoner's motion to vacate sentence or petition for writ of habeas corpus is deemed to be filed on the date that it was signed, executed and delivered to prison officials, for purposes of AEDPA's one-year limitations period. Adams v. United States, 173 F.3d 1339 (11th Cir. 1999).

Although the movant's §2255 motion is devoid of an execution and delivery date, it was sworn and signed on June 4, 2007.

[2] The Supreme Court has stated that a conviction is final when a judgment of conviction has been rendered, the availability of appeal exhausted, and the time for a petition for certiorari elapsed or a petition for certiorari finally denied. Griffith v. Kentucky, 479 U.S. 314, 321, n.6 (1986); accord, United States v. Kaufmann, 282 F.3d 1336 (11th Cir. 2002). Once a judgment is entered by a United States court of appeals, a petition for writ of certiorari must be filed within 90 days of the date of entry. The 90 day time period runs from the date of entry of the judgment rather than the issuance of a mandate. Sup.Ct.R. 13; see also, Close v. United States, 336 F.3d 1283 (11th Cir. 2003).

321, n.6 (1986).  This motion to vacate was filed by the movant in the Southern District of Florida on June 4, 2007, thus it is not timely. (Cv-DE#1).

The movant's initial attempt to file a §2255 motion was on June 4, 2007, when he filed "Moore's Memorandum of Law in Support of 28 USC §2255 Petition," directly to the Assistant United States Attorney (AUSA) without also filing a copy with the Clerk of the Court. (Cv-DE#10). Moreover, the movant failed to include an actual §2255 motion along with the memorandum of law. (Id.). Notwithstanding, the AUSA in receipt of the memorandum confirmed that the movant's pleading was not filed with the court and in turn, the AUSA prepared a "Notice of Filing" and along with a copy of the memorandum, filed them in the underlying criminal case. (Id.; Cr-DE#93).

Later, on July 27, 2007, the movant re-mailed his memorandum, this time providing a copy to the Clerk of the Court, which was identical in all respects to the copy previously mailed to the AUSA. (Cr-DE#94). In as much, that the signature page and certificate of service continued to reflect the June 4, 2007 date as the date it was sworn to and signed. (Compare Cr-DEs#93,94). Again, the movant failed to include an actual §2255 motion along with his memorandum of law.

Finally, on February 27, 2008, the movant again filed his memorandum without a §2255 motion attached to it, which remained identical to the two previously filed in all respects, including the sworn to and signature date. (Cr-DE#95). However, this time, on February 27, 2008, a civil case was opened and it was referred to the undersigned. (Cv-DEs#1,2).

Subsequently, the Court ordered the movant to file an amended motion to vacate using the form required by Rule 2(b)of the Rules Governing Section 2255 Proceedings and Local Rule 88.2(1)C "on or before March 21, 2008. (Cv-DE#3). Moreover, the order stated that "the Court will only review the Amended Petition as the sole operative petition in this case." (Id.).

The Court also ordered the movant to respond to the limitations period explaining why his motion should not be barred from consideration. (Cv-DE#4).

The movant thereafter filed the appropriate §2255 form on March 31, 2008, ten days after the Court's due date. (Cv-DE#7). Attached to his §2255 motion, the movant included a hand written note explaining that his amended motion was tardy because the prison was on lock down. (Id.). Although the movant has not responded to this court's order regarding the limitations period (Cv-DE#4), in his §2255 motion, the movant appears to argue that this collateral proceeding was filed within one year from the imposition of sentencing. (Cv-DE#7). However, as discussed, that assertion is incorrect.

The government correctly argues that this motion is time-barred. If the court only reviewed the Amended Petition as the sole operative petition in this case, per its previous order, the motion is untimely because the movant did not respond to the order until March 31, 2008, ten months after the AEDPA one year expiration. Even construing the date of filing in the light most favorable to the movant, June 4, 2007, when the movant first filed the memorandum of law, this collateral pleading remains untimely. Thus, under either interpretation, the movant's motion to vacate is time-barred.

3

Pursuant to 28 U.S.C. §2255, as amended April 24, 1996, a one year period of limitations applies to a motion under the section. The one year period runs from the latest of:

(1) The date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(2) The date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant is prevented from filing by such governmental action;

(3) The date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) The date on which the facts supporting the claim or claims could have been discovered through the exercise of due diligence.

The Eleventh Circuit has held that the limitations period may be equitably tolled when a movant's timely filing of a motion to vacate is impeded by extraordinary circumstances beyond his control and unavoidable even with due diligence. See Helton v. Sec'y for Dep't. Of Corrs., 259 F.3d 1310, 1312 (11th Cir. 2001)(state that "[e]quitable tolling can be applied to prevent the application of the AEDPA's statutory deadline when 'extraordinary circumstances' have worked to prevent an otherwise diligent petitioner from timely filing his petition."), cert. denied, ___ U.S. ___, 122 S.Ct. 1965 (2002); Sandvik v. United States, 177 F.3d 1269, 1270 (11 Cir. 1999). The movant has not demonstrated extraordinary circumstances

beyond his control.

The operative date for limitations purposes is "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. §2255. Review of the record reveals that the movant was aware or should have been aware of the factual predicate of the claim raised in this petition, as early as the time sentence was imposed in 2005. See Flanagan v. Johnson, 154 F.3d 196, 198-99 (5th Cir. 1998). See also Worthen v. Kaiser, 952 F.2d 1266, 1268-68 (10th Cir. 1992)(holding that petitioner's failure to discover the legal significance of the operative facts does not constitute cause). The limitations period begins to run when the movant knows, or through due diligence, could have discovered, the important facts for his claims, not when the movant recognizes the facts' legal significance. Owens v. Boyd, 235 F.3d 356, 359 (7th Cir. 2000).

Moreover, tolling would not be appropriate in circumstances such as those present in this case where the petitioner was not diligent in pursuing his claim. See Miller v. N.J. State Dep't. Of Corrs., 145 F.3d 616, 618-19 (3rd Cir. 1998)(holding that equitable tolling applies only where prisoner has diligently pursued his claim, but has in some "extraordinary way" been prevented from asserting his rights).  See also Baldwin County Welcome Ctr. v. Brown, 466 U.S. 147, 151 (1984); Irwin v. Dep't. of Veterans Affairs, 498 U.S. 89, 96 (1990)(holding that principles of equitable tolling do not extend to what is best a garden variety claim of excusable neglect); Fisher v. Johnson, 174 F.3d 710 (5th Cir. 1999)(noting that "equity is not intended for those who sleep on their rights"). The movant has not acted diligently in presenting the challenge to his convictions and sentences now

5

raised.

Moreover, the movant is not entitled to equitable tolling because he is an unskilled layperson with a limited educational background who is unfamiliar with the law. Mere ignorance of the law or lack of knowledge of filing deadlines does not justify equitable tolling of AEDPA's limitation period. See Felder v. Johnson, 204 F.3d 168, 172-73 & n. 10 (5th Cir. 2000)(citing cases), cert. denied, 531 U.S. 1035 (2000)(holding that ignorance of law and pro se status are insufficient to toll statute of limitations); Turner v. Johnson, 177 F.3d 390, 392 (5th Cir. 1999); United States v. Flores, 981 F.2d 231, 236 (5th Cir.1993)(holding pro se status, illiteracy, deafness, and lack of legal training are not external factors excusing abuse of the writ); Hughes v. Idaho State Bd. of Corrections, 800 F.2d 905, 909 (9th Cir. 1986)(illiteracy of pro se petitioner not sufficient cause to avoid procedural bar); Barrow v. New Orleans S.S. Ass'n, 932 F.2d 473, 478 (5th Cir. 1991)(holding equitable tolling of limitations period within the Age Discrimination in Employment Act was not warranted by plaintiff's unfamiliarity with legal process, his lack of representation, or his ignorance of his legal rights).

The movant next asserts that his prison was placed on lock down, which prevented him from preparing and timely filing his amended motion to vacate. He states that the institution was locked down until March 14, 2008; however, he fails to state when the lock down began. Notwithstanding, the prison lock down was not an extraordinary circumstance beyond his control and unavoidable even with due diligence which precluded him from timely filing this motion to vacate. Circumstances like those asserted by the movant have been held to be neither "extraordinary" nor "unavoidable even with diligence." Sandvik, *supra*. Similar reasons are held to be

insufficient to overcome the statutory limitations period, because such "expected, albeit unpredictable part[s] of prison life" as prison lock downs do not constitute extraordinary circumstances and so do not warrant equitable tolling. Akins v. United States, 204 F.3d 1086 (11 Cir.), cert. denied, 121 S. Ct. 410 (2000)(prison lock downs and misplacement of legal materials during transfer); Giraldes v. Ramirez-Palmer, 1998 WL 775085 (N.D. Cal. Nov. 3, 1998)(prison lock down); see also, e.g., Jackson v. Kelly, 2000 WL 325690 (S.D.N.Y. Mar. 28, 2000)(administrative segregation); Love v. Roe, 1999 WL 253468 (S.D. Cal. Feb 25, 1999)(administrative segregation); Posada v. Schomiq, 64 F. Supp.2d 790 (C.D. Ill. 1999)(lock down, attorney error, prison law clerk error).

With the passage of the Antiterrorism and Effective Death Penalty Act, litigants must be attentive to the time limitations for filing a motion to vacate, and make diligent efforts to file the motion within one year from the time their convictions become final. United States v. Trenkler, 268 F.3d 16, 24-27 (1st Cir. 2001); United States v. Prescott, 221 F.3d 686, 687-89 (4th Cir. 2000)(pending motion for new trial after finality of direct review does not toll AEDPA's statute of limitations); O'Connor v. United States, 133 F.3d 548 (7th Cir. 1998); Johnson v. United States, 246 F.3d 655 (6th Cir. 2001); United States v. Norris, 2000 WL 521482 (DC Cir. 2000); United States v. Chambers, 126 F. Supp. 2d 1052 (E.D. Michigan 2000).  The filing of this motion to vacate over one year after his judgment became final is untimely.  The movant has neither shown that extraordinary circumstances beyond his control existed which precluded him from filing the motion timely nor that he diligently pursued his claim. The time-bar is ultimately the result of the movant's failure to properly and timely prosecute this federal habeas corpus petition. The movant was required to file this motion to vacate at the latest within one year from the

7

time his conviction became final on May 22, 2007. The June 4, 2007 filing of this motion is untimely.

It is therefore recommended that this motion to vacate be dismissed as time-barred.

Objections to this report may be filed with the District Judge within ten days of receipt of a copy of the report.

Signed this 7th day of October, 2008.

_____
UNITED STATES MAGISTRATE JUDGE


cc: Jasper Moore, <u>Pro Se</u>
    Registration No. 65686-004
    FCC-Coleman (USP)
    P.O. Box 1033
    Coleman, FL 33521

    Ryan K. Stumphauzer, AUSA
    United States Attorney's Office
    99 N.E. 4th Street
    Miami, FL 33132